## WILLIAM STONE ALBERT *v.* A. HARRIS.

Judgment—Process.

A judgment taken without notice served or an appearance by a defendant is void.

**Taxation.**

Under a city charter providing that the city has a lien upon all property for general city taxes to be enforced by judgment of the mayor's court upon conditions named a sale of such property pursuant to such a judgment is ineffectual to convey title, except in cases where every prerequisite to such a judgment appears in the record.

APPEAL FROM CAMPBELL CHANCERY COURT.

February 29, 1876.

OPINION BY JUDGE COFER:

Judgment without notice of any kind, and without opportunity to defend is void in American jurisprudence, and especially so when a person whose property is thus proceeded against is attempted to be barred, by a judgment thus obtained, of any defense he may have unless he presents it before a sale is made in execution of the judgment.

When such extraordinary and arbitrary proceedings are relied upon to divest a citizen of his property, it should appear that every requisite of the statute had been strictly complied with.

Section 12 of the act of February 18, 1860, to amend the charter of Newport, provides that general city taxes shall be levied after a return of the assessment; and section 13 provides that the city shall have a lien upon all property for general city taxes levied thereon, which may be enforced by judgment of the mayor's court without process, when it shall appear by the tax bill filed in said court, and such other evidence as the records of the city may furnish, that the taxes have been regularly levied, that the tax-payers are delinquent, that the tax bills have been regularly returned by the collector from the first to fifteenth of October in each year, endorsed, and that he has found no personal property to distrain for said taxes.

The jurisdiction of the mayor's court to adjudge sales for the payment of taxes is specially limited and extraordinary, and every prerequisite to such a judgment should appear in the record thereof. Unless the enumerated pre-requisites appear, it does not appear that the court had jurisdiction, and its judgment is void.

The record of the judgment recites that "The plaintiff (the city of Newport), by her attorney, having filed an office copy of her tax bill against the defendant for the said year 1871, and moved for judgment, and it appearing that said tax has been regularly levied against the said lot No. 38, T. N. B. V., to the city of Newport for said year 1871, that the payor thereof is delinquent, and the same

remains unpaid; that said tax bill has been regularly returned by the collector from the 1st to the 15th of October, 1871, and that as the collector has found no personal property to distrain for said tax, penalty and the costs, it is now adjudged," etc. No tax bill is copied into the record, although the mayor certifies that the whole proceedings, as it appears upon his record, is contained in his transcript, which is made part of the petition in this case, and a copy of which is before us.

The judgment recites that a tax bill was filed in the mayor's court, and that it appeared that the tax had been regularly levied, but it does now say how it appeared that the levy was regular. The charter says it must "appear by the tax bill filed in said court, and such other evidence as the records of the city may furnish, that the taxes have been regularly levied." A general tax could only be regularly levied after the property was assessed, (Sec. 12) and the levy was required to be made by ordinance. No tax could, therefore, be legally levied until an assessment was made, and an ordinance passed declaring the levy and the amount of tax on each one hundred dollars' worth of property (Sec. 5, Act February 6, 1858). It was, therefore, necessary that it should appear from the assessment, the ordinance making the levy and the tax bill, that the levy had been regularly made before the mayor's court had jurisdiction to adjudge a sale.

Nor do we find in the record either a statement in the judgment or other evidence that any penalty had been or could have been legally assessed. The charter gave the council power to add penalties not exceeding 5 per cent. for a failure to pay on or before the first of August of each year, and the mayor's judgment imposes a penalty of 20 per cent., but it does not appear that such penalty had ever been authorized or directed by the city council.

The tax and penalty amounted to $15.30, but the collector sold for $21.05. This sum was made up, as appears, of the tax and penalty, $15.30, mayor's cost, $1.25, allowance to commissioner for selling, $1.50, attorney, $2.50, clerk, 50 cents. It does not appear that either the general assembly or the city council had authorized these items of cost to be taxed, and the sale was, therefore, for $8.55 more than seems to have been warranted by law.

The charter required the commissioner making the sale, to make report thereof to the mayor's court, but if any such report was made it does not appear in the record, and the mayor having certified that the transcript furnished by him is full and complete, we can come to

no other conclusion than that the report which the record recites as made was merely verbal. Such a report was a nullity, and the deed made by the president of the council passed no title. We are, therefore, of the opinion that the appellant failed to exhibit title to the lot and that he has not shown a right to the relief sought.

But the court erred in rendering judgment to sell the lot. The appellant did not ask such a judgment. He was in possession, and the court should have dismissed his petition instead of adjudging a sale, the effect of which may be to dispossess him. This he did not ask and may not desire.

The judgment is, therefore, *reversed*, and the cause is remanded with directions to dismiss the petition. No judgment will be rendered for cost in this court.

*W. S. Albert, for appellant. E. W. Hawkins, for appellee.*